UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MULLER, et al., | No. 2:19-cv-1047 DB P |
| Plaintiffs, | |
| v. | ORDER |
| MASHBURN, | |
| Defendant. | |

Plaintiffs, Matthew Muller and Jerry Wayne Baker, are county inmates proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff's allege the defendant violated their rights under the Eighth Amendment by denying them exercise. For the reasons set forth below, the court will dismiss the complaint and direct each plaintiff to file an amended complaint.

The complaint filed in this action is brought and signed by both plaintiffs. (See ECF No. 1 at 6.) However, the court has determined that each plaintiff should proceed separately with his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

////

1      Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of
2  plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same
3  transaction, occurrence, or series of transactions or occurrences; and (2) there are common
4  questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion,
5  may sever the misjoined parties, so long as no substantial right will be prejudiced by the
6  severance." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted);
7  see Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion
8  or on its own, the court may at any time, on just terms, add or drop a party. The court may also
9  sever any claim against a party."). However, an action brought by multiple prisoners in pro se
10 presents "unique problems not presented by ordinary civil litigation." Heilman v. Thumeser,
11 2011 WL 5508891 at *1 (E.D. Cal. Nov. 9, 2011); see also Mizerak v. Kendricks, 2008 WL
12 4809866 (E.D. Cal. Nov. 3, 2008) ("[A]n action brought by multiple inmate plaintiffs proceeding
13 pro se presents procedural problems that cause delay and confusion."). This action could be
14 delayed if one of the plaintiff's were to be transferred or released on parole, and there are inherent
15 difficulties when inmates attempt to communicate with each other and with unincarcerated
16 individuals.

17      Neither plaintiff has filed an application to proceed in forma pauperis or paid the filing
18 fee. Nonetheless, the court notes that in a number of other cases have determined that the filing
19 fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may
20 not bring multi-plaintiff actions, but rather must each proceed separately. See Heilman, 2011 WL
21 5508891 at *2; Surrell v. Gilliard, No. 2:19-cv-0261 EFB P, 2019 WL 916766 at *1 (E.D. Cal.
22 Feb. 25, 2019); Treglia v. Kernan, No. C 12-2522 LHK (PR), 2013 WL 1502157 at *1 (N.D. Cal.
23 Apr. 11, 2013); Pinson v. Frisk, No. 13-cv-5502 VC, 2015 WL 738253 at *6 (N.D. Cal. Feb. 20,
24 2015).

25      In order to avoid problems related to case-management and filing fees, the court will order
26 that plaintiffs' claims be severed. Plaintiff Muller will proceed in this action, while plaintiff
27 Baker will proceed in a separate civil action to be opened by the Clerk of the Court. Each
28 plaintiff will proceed in his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the undersigned. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff will be given thirty days to file, in his own action, an amended complaint and either pay the filing fee or submit an application for leave to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff is cautioned that in order to proceed with their individual actions they will be liable for payment of the $350.00 filing fee. See 28 U.S.C. § 1915(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Muller is severed from the claims of plaintiff Baker.
2. Plaintiff Muller shall proceed as the sole plaintiff in case No. 2:19-cv-1047.
3. The Clerk of the Court is directed to:
    a. Open a separate civil action for plaintiff Baker;
    b. Assign the action to the undersigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the file opened for plaintiff Baker;
    d. Place a copy of the complaint filed June 6, 2019, in the file opened for plaintiff Baker
    e. Strike Baker's name from the caption of Muller's complaint and strike Muller's name from the caption in Baker's complaint; and
    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.
4. Each plaintiff's complaint is dismissed.
5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner.
6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and a new application to proceed in forma pauperis, using the

forms provided by the court with this order. Each plaintiff's document must bear the docket number assigned to his own individual case and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his amended complaint. Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

Dated: June 14, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/mull1047.sever

4